**XIAO KANG WEN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General[1], Respondent.**

**No. 08–4085–ag.**

United States Court of Appeals, Second Circuit.

July 9, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, United States Department of Justice, Civil Division; Lyle D. Jentzer, Senior Litigation Counsel, Office of Immigration Litigation; Glen T. Jaeger, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Kang Wen, a native and citizen of the People's Republic of China, seeks review of a July 28, 2008 order of the BIA denying his motion to reopen. *In re Xiao Kang Wen,* No. A077 777 163 (B.I.A. July 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

We find that the BIA did not err in denying Wen's untimely motion to reopen.

Wen argues that the BIA erred in concluding that he failed to demonstrate either material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Further, there is nothing in the BIA's decision compelling the conclusion that it failed to take into account all of Wen's evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006).

Although Wen argues that the BIA erred in not affording his particularized evidence sufficient weight, we decline to find that the BIA abused its discretion. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to documentary evidence lies largely within the discretion

of the agency).[2] Additionally, Wen asserts that the BIA erred in failing to address whether the U.S. Department of State's 2006 Country Report on Human Rights Practices indicated that he would be subject to excessive fines amounting to persecution. However, that report does not indicate either that such fines constitute changed country conditions or that they would amount to economic persecution to someone in Wen's economic circumstances. *See Guan Shan Liao v. U.S. Dep't. of Justice,* 293 F.3d 61, 70 (2d Cir.2002).

Wen waives any challenge to the BIA's finding that he was ineligible to file a successive asylum application based on his changed personal circumstances. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. Although Wen asserts that he submitted the original village notice to the government when he filed his motion, he points to no evidence before the BIA indicating that was the case. Therefore, the BIA did not abuse its discretion in according that document diminished weight because it was a photocopy. *See Xiao Ji Chen,* 471 F.3d at 342.

